UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL F. LANGROCK,**<br>Friend of Gianna S. Langrock and Adam M. Langrock,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF VENTURA CALIFORNIA and SABRINA F. FRICANO,<br><br>Respondents. | Case No. LA CV 18-00300-VBF-RAO<br><br>**ORDER**<br><br>**SUMMARILY DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE FOR LACK OF JURISDICTION;**<br><br>DIRECTING THE ENTRY OF SEPARATE JUDGMENT;<br><br>TERMINATING THE CASE (JS-6) |

**BACKGROUND.** On January 12, 2018, Michael F. Langrock ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (CM/ECF Document ("Doc" 1.) Petitioner contends that his two minor children are being held pursuant to a custody order entered by a state judge in Ventura County Superior Court case number D362135. (Doc 1 at 1.)[1]

Petitioner challenges the state court's December 5, 2016 grant of a move-away order that allowed his children to leave California. (*Id.* at 2.) Petitioner

---

[1] The Court uses the pagination generated by the Court's electronic docket.

asserts that, while he was in the custody of the Ventura County Sheriff's Department, he was prevented from attending the state proceedings at which the move-away order was issued, in violation of his constitutional rights. (*Id.* at 6.) Petitioner also alleges a conflict of interest, lack of counsel, gender discrimination, age discrimination, and possible collusion. (*Id*. at 6-7.) Petitioner asserts that there is good cause to hear the matters in federal court because he has had an inadequate opportunity to litigate his claims at the state level. (*Id.* at 6.) Petitioner requests that this Court take jurisdiction, vacate the December 5, 2016 state-court order, order the return of his children to California, order appointment of counsel, and return the matter to a neutral venue. (*Id.* at 7.)

**DISCUSSION.** Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus must be summarily dismissed if it plainly appears that the petitioner is not entitled to relief in the district court. After a review of the Petition, the Court determines that it lacks jurisdiction and, accordingly, the Petition must be dismissed.

**First, neither petitioner nor his children are in state custody for purposes of § 2254.** Although petitioner's children are in the custody of respondent Fricano pursuant to state-court orders (*see* Pet. at 1), the "custody" of guardians over children is not the type of custody that may generally be challenged through federal habeas petitions. *See Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511, 102 S. Ct. 3231, 3237 (1982); *see, e.g., Anderson v. Dep't of Children and Family Servs.*, 2015 WL 1541513, *1 (C.D. Cal. Apr. 3, 2015) (Andre Birottte, J.) ("[A]lthough Petitioner's children have been removed from his custody pursuant to a California juvenile dependency hearing and are in the custody of the DCFS . . . , for purposes of a section 2254 action petitioner's children are not considered to be 'in custody.'") (footnote 4 omitted). *Cf. Erichsen v. Orange County Soc. Servs. Agency*, 2013 WL 6454690, *4 (C.D. Cal. Feb. 19,

2013) (George Wu, J.) ("It is true that, in a footnote in *Lehman*, the Supreme Court stated that it expressed no view on the availability of federal habeas relief when a child is confined in a state institution, rather than in the custody of a foster parent. However, the *Lehman* prohibition on the exercise of federal habeas jurisdiction has been found to govern 'regardless of whether the child is in the custody of a foster parent or confined in a state institution.'") (quoting *Rigsbee v. Oklahoma Dep't of Human Servs.*, 2007 WL 49091, *2 n.12 (W.D. Okla. Jan. 4, 2007) and citing *Amerson v. State of Iowa*, 59 F.3d 92, 94 (8th Cir. 1995)).

**Second, the State's strong interest in domestic relations and issues of child custody precludes federal habeas subject-matter jurisdiction.** *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983); *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982). Moreover, "federal habeas has never been available to challenge parental rights or child custody." *Lehman*, 458 U.S. at 511. Although the scope of federal habeas relief has been expanded somewhat over time, it remains limited to situations in which, as a result of a criminal conviction, a petitioner has suffered substantial restraints that are not shared by the general public. *Id*. at 510.

**Finally, to the extent that Petitioner seeks redress for wrongs committed in connection with the state court's granting of the move-away order, this Court lacks jurisdiction pursuant to *Rooker* v. Fidelity Trust Co.**, 263 U.S. 413, 44 S. Ct. 149 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). Petitioner asserts that while he was in state custody, he was prevented from attending the proceedings pertaining to the move away order, in violation of his constitutional rights. (Pet. at 6.) However, this Court's review of those alleged violations would amount to improper appellate review of a state-court decision. *See Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005) ("Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in

substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." (internal quotation marks and citation omitted)). "[T]he *Rooker-Feldman* bar applies even if the complaint alleges that the state court's action was unconstitutional." *Murphy v. Riverside Superior Court*, 2013 WL 1247651, *2 (C.D. Cal. Jan. 13, 2013) (Wistrich, M.J.) (quoting *Feldman*, 460 U.S. at 486, 103 S. Ct. 1303), *R&R adopted*, 2013 WL 1247648 (C.D. Cal. Mar. 26, 2013) (Fairbank, J.).

**For these reasons, the Court finds that it lacks subject-matter jurisdiction and that the purported habeas petition therefore must be dismissed without prejudice.** *See Ignacio v. Judge s of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (holding that the district court rightly dismissed for lack of subject-matter jurisdiction an action that challenged a state superior court's determination in a domestic-relations case), *cited by Murphy*, 2013 WL 1247651 at *2; *Ismail v. Ford*, 2014 WL 1681993, *1 n.1 (C.D. Cal. Apr. 29, 2014) (Valerie Baker Fairbank, J.) (in civil-rights action against adoptive parents of plaintiff's child, court noted that its earlier order had dismissed many other defendants for lack of subject-matter jurisdiction due to the *Rooker-Feldman* doctrine); *Goble v. Hutchens*, 2012 WL 6623684 (C.D. Cal. Oct. 29, 2012) (John McDermott, M.J.) (*Rooker-Feldman* precluded jurisdiction over a purported 28 U.S.C. section 2254 habeas action that appeared to challenge the validity of orders issued by Orange County Superior Court in connection with child-custody and child-support issues), *R&R adopted*, 2012 WL 6616477 (C.D. Cal. Dec. 16, 2012) (Josephine Staton Tucker, J.); *Johnson v. Johnson*, 2010 WL 1740721, *1 (C.D. Cal. Apr. 26, 2010) ("[B]ased on the parties named in this action (i.e., Fred Johnson and Darlene Johnson), and the portions of the petition referencing the enforcement of a marriage subpoena [sic], it appears that petitioner may be raising claims pertaining to a state[-]court family law action. * * * [T]his

Court does not have jurisdiction of such a claim under the *Rooker-Feldman* doctrine.") (citations omitted).

**ORDER**

The Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

Judgment consistent with this Order will issue as a separate document as required by Federal Rule of Civil Procedure 58(a).

This case shall be **TERMINATED (JS-6)**.

IT IS SO ORDERED.

DATED: February 6, 2018

_____

VALERIE BAKER FAIRBANK
Senior United States District Judge